E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes and Consumer Protection Section
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3359/1019
    Facsimile: (213) 894-0141
    E-mail:   Mark.A.Williams@usdoj.gov
            Laura.Alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00059-DOC |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARK MENG |
| v. | |
| MARK MENG, | |
| Defendant. | |

1.    This constitutes the plea agreement between defendant MARK MENG ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

## DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and ten of the indictment in <u>United States v. MARK MENG</u>, Case No. CR 24-00059-DOC, which charge defendant with wire fraud, in violation of 18 U.S.C. § 1343, and bank robbery, in violation of 18 U.S.C. § 2113(a).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

1          i.    Complete the Financial Disclosure Statement on a form

2    provided by the USAO and, within 30 days of defendant's entry of a

3    guilty plea, deliver the signed and dated statement, along with all

4    of the documents requested therein, to the USAO by either email at

5    usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

6    Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

7    Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

8    criminal debt shall be assessed based on the completed Financial

9    Disclosure Statement and all required supporting documents, as well

10   as other relevant information relating to ability to pay.

11         j.    Authorize the USAO to obtain a credit report upon

12   returning a signed copy of this plea agreement.

13         k.    Consent to the USAO inspecting and copying all of

14   defendant's financial documents and financial information held by the

15   United States Probation and Pretrial Services Office.

16                        THE USAO'S OBLIGATIONS

17   3.    The USAO agrees to:

18         a.    Not contest facts agreed to in this agreement.

19         b.    Abide by all agreements regarding sentencing contained

20   in this agreement.

21         c.    At the time of sentencing, move to dismiss the

22   remaining counts of the indictment as against defendant.  Defendant

23   agrees, however, that at the time of sentencing the Court may

24   consider any dismissed charges in determining the applicable

25   Sentencing Guidelines range, the propriety and extent of any

26   departure from that range, and the sentence to be imposed.

27         d.    At the time of sentencing, provided that defendant

28   demonstrates an acceptance of responsibility for the offenses up to

3

1 | and including the time of sentencing, recommend a two-level reduction
2 | in the applicable Sentencing Guidelines offense level, pursuant to
3 | U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
4 | additional one-level reduction if available under that section.
5 |      e.   Recommend that defendant be sentenced to a term of
6 | imprisonment no higher than the low end of the applicable Sentencing
7 | Guidelines range, provided that the offense level used by the Court
8 | to determine that range is 21 or higher and provided that the Court
9 | does not depart downward in offense level or criminal history
10 | category.  For purposes of this agreement, the low end of the
11 | Sentencing Guidelines range is that defined by the Sentencing Table
12 | in U.S.S.G. Chapter 5, Part A.

### NATURE OF THE OFFENSES

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, wire fraud, in violation of 18 U.S.C. § 1343, the following must be true:  (1) defendant knowingly devised or participated in a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts; (2) the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and (4) defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

5. Defendant understands that for defendant to be guilty of the crime charged in count ten, that is, bank robbery, in violation

4

of 18 U.S.C. § 2113(a), the following must be true:  (1) defendant, through intimidation, took money belonging to or in the care, custody, control, management, or possession of US Bank; and (2) the deposits of US Bank were then insured by the Federal Deposit Insurance Corporation.

## PENALTIES AND RESTITUTION

1.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1343, is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

2.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2113(a), is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

3.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 40 years' imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

4.    Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the

5

offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties currently believe that the applicable amount of restitution is approximately $65,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

5. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or

1   ammunition.   Defendant understands that the convictions in this case

2   may also subject defendant to various other collateral consequences,

3   including but not limited to revocation of probation, parole, or

4   supervised release in another case and suspension or revocation of a

5   professional license.   Defendant understands that unanticipated

6   collateral consequences will not serve as grounds to withdraw

7   defendant's guilty pleas.

8        7.   Defendant understands that, if defendant is not a United

9   States citizen, the felony convictions in this case may subject

10  defendant to: removal, also known as deportation, which may, under

11  some circumstances, be mandatory; denial of citizenship; and denial

12  of admission to the United States in the future.   The Court cannot,

13  and defendant's attorney also may not be able to, advise defendant

14  fully regarding the immigration consequences of the felony

15  convictions in this case.   Defendant understands that unexpected

16  immigration consequences will not serve as grounds to withdraw

17  defendant's guilty pleas.

18                              <u>FACTUAL BASIS</u>

19       8.   Defendant admits that defendant is, in fact, guilty of the

20  offenses to which defendant is agreeing to plead guilty.   Defendant

21  and the USAO agree to the statement of facts provided below and agree

22  that this statement of facts is sufficient to support pleas of guilty

23  to the charges described in this agreement and to establish the

24  Sentencing Guidelines factors set forth in paragraph 10 below but is

25  not meant to be a complete recitation of all facts relevant to the

26  underlying criminal conduct or all facts known to either party that

27  relate to that conduct.

28

Beginning on an unknown date, but no later than August 2020, and continuing through at least April 2023, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud violin shops as to material matters, and to obtain money and property under the custody and control of these violin shops by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

Specifically, defendant perpetrated the scheme to defraud by reaching out to violin shops across the country to express interest in receiving a violin for a trial period, under the false pretense that he would be testing the violin to determine if he wished to purchase it. Defendant gained the trust of these violin shops by representing himself as a violin collector who wished to purchase the violins. After receiving a violin on a trial-period basis, defendant would keep the violin beyond the trial period, negotiate a purchase price for the violin, and then provide the violin shop with a check or set of checks for the violin. Defendant would write these checks from one of three bank accounts in his control: a US Bank account ending in 5340, in the name of Alton Global Holdings, Inc.; a US Bank account ending in 5324, in the name of defendant; and a Bank of America account ending in 0649, in the name of Alton Global Holdings, Inc. In fact, as defendant knew, the representations that he made were false and fraudulent because he had no intention, at any point in time, of either paying for or returning the violins after the trial periods. Defendant also knew that the checks he mailed to the

1  violin shops for payment of the violins would be rejected due to
2  insufficient funds.

3      When a violin shop representative contacted the defendant to
4  inform the defendant that his check or set of checks was rejected by
5  the violin shop's bank, defendant would attempt to conceal his fraud
6  by sending a new check or set of checks to the violin shop, knowing
7  that this check or set of checks would also be rejected due to
8  insufficient funds.  Defendant would eventually stop communicating
9  with the violin shop representative.  In some instances, defendant
10  would also attempt to conceal his fraud by telling the violin shop
11  that he mailed the violin back to it, but the mail carrier lost it,
12  knowing that he never in fact attempted to mail the violin back, and
13  the mail carrier thus never had possession of it.

14      After fraudulently obtaining a violin from a violin shop,
15  defendant would often sell the violin, or attempt to sell it.  When
16  selling the violin, defendant fraudulently held himself out as the
17  rightful owner of the violin, despite knowing that he stole it and
18  that he was in truth and fact, not the rightful owner of it.
19  Defendant often sold violins he obtained for limited trial periods
20  during the trial period itself.  For example, on or about February 1,
21  2023, victim B.V. loaned defendant a Guilio Degani violin, dated
22  1903, and valued at $175,000 (the "Degani violin") pursuant to a
23  trial period contract.  Pursuant to the terms of this contract,
24  defendant was required to either pay for or return the Degani violin
25  by February 10, 2023.  Defendant, however, sold the Degani violin to
26  victim R.C.V. on or about February 7, 2023, three days before the end
27  of the applicable trial period.
28

9

As a result of defendant's fraudulent scheme, defendant stole: (1) a Lorenzo Ventapane violin, dated 1823, and valued at $175,000, from victim B.V.; (2) a Guilio Degani violin, dated 1903, and valued at $55,000, from victim B.V.; (3) a Caressa & Francais violin, dated 1913, and valued at $40,000, from victim D.V.; (4) a Francais Lott violin bow, stamped "Lupot," and valued at $7,500, from victim D.V.; (5) a Gand & Bernardel violin, dated 1870, and valued at $60,000, from victim C.H.; (6) a French, Charles J.B. Colin Mezin violin, valued at $6,500, from  victim M.R.W.; and (7) a German, E.H. Roth Guarneri violin, valued at $6,500, from victim M.R.W.  Despite knowing that he did not own these violins and violin bows, defendant sold three of these stolen violins and the violin bow to victim R.C.V. for a total of $44,700.

Defendant used interstate wires to execute his fraudulent scheme.  Specifically, on January 31, 2023, in Orange County, within the Central District of California, defendant transmitted and caused the transmission of a wire communication in interstate commerce, namely an email from his email address "markmengusa@gmail.com," to a violin shop located in Alexandria, Virginia.  Defendant transmitted this email, wherein he expressed an interest in obtaining the Ventapane violin and the Degani violin on a trial-period basis, for the purpose of executing and attempting to execute defendant's fraudulent scheme.

Then, on April 2, 2024, defendant, by intimidation, knowingly took from the person and presence of another approximately $446 belong to, and in the care, custody, control, management, and possession of US Bank, located in Irvine, California (the "Bank").

1   On that date, US Bank was insured by the Federal Deposit Insurance
2   Corporation.

3       Specifically, defendant, wearing a white baseball hat, black
4   sunglasses, a navy bandana that covered his face, a navy t-shirt with
5   "USA" embroidered on the front in red lettering, and light blue latex
6   gloves on his hands, entered the Bank and approached a teller
7   station.  When the teller, H.A., asked defendant how she could help
8   him, he provided her with a demand note that read, "$18,000 –
9   Withdraw.  Stay Cool.  No harm.  Thx."  H.A. told defendant that she
10  did not have access to the amount of money defendant requested, and
11  he responded, "Give me whatever you have."  H.A., fearing that
12  defendant could harm her or her fellow Bank employees, handed
13  defendant $446, which was in the custody of the Bank.  Defendant
14  obtained the $446 from the Bank through intimidation.

15                          SENTENCING FACTORS

16      9.   Defendant understands that in determining defendant's
17  sentence the Court is required to calculate the applicable Sentencing
18  Guidelines range and to consider that range, possible departures
19  under the Sentencing Guidelines, and the other sentencing factors set
20  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
21  Sentencing Guidelines are advisory only, that defendant cannot have
22  any expectation of receiving a sentence within the calculated
23  Sentencing Guidelines range, and that after considering the
24  Sentencing Guidelines and the other § 3553(a) factors, the Court will
25  be free to exercise its discretion to impose any sentence it finds
26  appropriate up to the maximum set by statute for the crimes of
27  conviction.

28

10.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2B3.1(a) |
| Specific Offense Characteristic: Financial Institution Property Taken | 2 | U.S.S.G. § 2B3.1(b)(1) |
| Multiple Count Adjustment: | 2 | U.S.S.G. § 3D1.4 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

11.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

12.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

13.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

12

1  represented by counsel -- and if necessary, have the Court appoint

2  counsel -- at every other stage of the proceeding.

3          d.   The right to be presumed innocent and to have the

4  burden of proof placed on the government to prove defendant guilty

5  beyond a reasonable doubt.

6          e.   The right to confront and cross-examine witnesses

7  against defendant.

8          f.   The right to testify and to present evidence in

9  opposition to the charges, including the right to compel the

10  attendance of witnesses to testify.

11          g.   The right not to be compelled to testify, and, if

12  defendant chose not to testify or present evidence, to have that

13  choice not be used against defendant.

14          h.   Any and all rights to pursue any affirmative defenses,

15  Fourth Amendment or Fifth Amendment claims, and other pretrial

16  motions that have been filed or could be filed.

17                    <u>WAIVER OF APPEAL OF CONVICTION</u>

18       14.   Defendant understands that, with the exception of an appeal

19  based on a claim that defendant's guilty pleas were involuntary, by

20  pleading guilty defendant is waiving and giving up any right to

21  appeal defendant's convictions on the offenses to which defendant is

22  pleading guilty.  Defendant understands that this waiver includes,

23  but is not limited to, arguments that the statutes to which defendant

24  is pleading guilty are unconstitutional, and any and all claims that

25  the statement of facts provided herein is insufficient to support

26  defendant's pleas of guilty.

27

28

1    <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

2    15.   Defendant agrees that, provided the Court imposes a total

3    term of imprisonment on all counts of conviction of no more than 51

4    months, defendant gives up the right to appeal all of the following:

5    (a) the procedures and calculations used to determine and impose any

6    portion of the sentence; (b) the term of imprisonment imposed by the

7    Court; (c) the fine imposed by the Court, provided it is within the

8    statutory maximum; (d) the amount and terms of any restitution order,

9    (e) to the extent permitted by law, the constitutionality or legality

10   of defendant's sentence, provided it is within the statutory maximum;

11   (f) the term of probation or supervised release imposed by the Court,

12   provided it is within the statutory maximum; and (g) any of the

13   following conditions of probation or supervised release imposed by

14   the Court: the conditions set forth in Second Amended General Order

15   20-04 of this Court; the drug testing conditions mandated by 18

16   U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions

17   authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation

18   or supervised release agreed to by defendant in paragraph 2 above.

19   16.   The USAO agrees that, provided (a) all portions of the

20   sentence are at or below the statutory maximum specified above and

21   (b) the Court imposes a term of imprisonment of at least 41 months,

22   the USAO gives up its right to appeal any portion of the sentence,

23   with the exception that the USAO reserves the right to appeal the

24   amount of restitution ordered if that amount is less than $55,000.

25   17.   Defendant also gives up any right to bring a post-

26   conviction collateral attack on the convictions or sentence,

27   including any order of restitution, except a post-conviction

28   collateral attack based on a claim of ineffective assistance of

14

1  counsel, a claim of newly discovered evidence, or an explicitly

2  retroactive change in the applicable Sentencing Guidelines,

3  sentencing statutes, or statutes of conviction.  Defendant

4  understands that this waiver includes, but is not limited to,

5  arguments that the statutes to which defendant is pleading guilty are

6  unconstitutional, and any and all claims that the statement of facts

7  provided herein is insufficient to support defendant's pleas of

8  guilty.

9                    RESULT OF WITHDRAWAL OF GUILTY PLEA

10      18.  Defendant agrees that if, after entering guilty pleas

11  pursuant to this agreement, defendant seeks to withdraw and succeeds

12  in withdrawing defendant's guilty pleas on any basis other than a

13  claim and finding that entry into this plea agreement was

14  involuntary, then the USAO will be relieved of all of its obligations

15  under this agreement; and (b) should the USAO choose to pursue any

16  charge that was dismissed or not filed as a result of this agreement,

17  then (i) any applicable statute of limitations will be tolled between

18  the date of defendant's signing of this agreement and the filing

19  commencing any such action; and (ii) defendant waives and gives up

20  all defenses based on the statute of limitations, any claim of pre-

21  indictment delay, or any speedy trial claim with respect to any such

22  action, except to the extent that such defenses existed as of the

23  date of defendant's signing this agreement.

24                 RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25      1.  Defendant agrees that if any count of conviction is

26  vacated, reversed, or set aside, the USAO may: (a) ask the Court to

27  resentence defendant on any remaining counts of conviction, with both

28  the USAO and defendant being released from any stipulations regarding

                                   15

1  sentencing contained in this agreement, (b) ask the Court to void the
2  entire plea agreement and vacate defendant's guilty pleas on any
3  remaining counts of conviction, with both the USAO and defendant
4  being released from all their obligations under this agreement, or
5  (c) leave defendant's remaining convictions, sentence, and plea
6  agreement intact.  Defendant agrees that the choice among these three
7  options rests in the exclusive discretion of the USAO.

8  EFFECTIVE DATE OF AGREEMENT

9  2.  This agreement is effective upon signature and execution of
10  all required certifications by defendant, defendant's counsel, and an
11  Assistant United States Attorney.

12  BREACH OF AGREEMENT

13  3.  Defendant agrees that if defendant, at any time after the
14  signature of this agreement and execution of all required
15  certifications by defendant, defendant's counsel, and an Assistant
16  United States Attorney, knowingly violates or fails to perform any of
17  defendant's obligations under this agreement ("a breach"), the USAO
18  may declare this agreement breached.  All of defendant's obligations
19  are material, a single breach of this agreement is sufficient for the
20  USAO to declare a breach, and defendant shall not be deemed to have
21  cured a breach without the express agreement of the USAO in writing.
22  If the USAO declares this agreement breached, and the Court finds
23  such a breach to have occurred, then: (a) if defendant has previously
24  entered guilty pleas pursuant to this agreement, defendant will not
25  be able to withdraw the guilty pleas, and (b) the USAO will be
26  relieved of all its obligations under this agreement.

27  4.  Following the Court's finding of a knowing breach of this
28  agreement by defendant, should the USAO choose to pursue any charge

1  that was either dismissed or not filed as a result of this agreement,
2  then:

3         a.    Defendant agrees that any applicable statute of
4  limitations is tolled between the date of defendant's signing of this
5  agreement and the filing commencing any such action.

6         b.    Defendant waives and gives up all defenses based on
7  the statute of limitations, any claim of pre-indictment delay, or any
8  speedy trial claim with respect to any such action, except to the
9  extent that such defenses existed as of the date of defendant's
10 signing this agreement.

11        c.    Defendant agrees that: (i) any statements made by
12 defendant, under oath, at the guilty plea hearing (if such a hearing
13 occurred prior to the breach); (ii) the agreed to factual basis
14 statement in this agreement; and (iii) any evidence derived from such
15 statements, shall be admissible against defendant in any such action
16 against defendant, and defendant waives and gives up any claim under
17 the United States Constitution, any statute, Rule 410 of the Federal
18 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
19 Procedure, or any other federal rule, that the statements or any
20 evidence derived from the statements should be suppressed or are
21 inadmissible.

22            COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
23                           OFFICE NOT PARTIES

24     5.    Defendant understands that the Court and the United States
25 Probation and Pretrial Services Office are not parties to this
26 agreement and need not accept any of the USAO's sentencing
27 recommendations or the parties' agreements to facts or sentencing
28 factors.

6.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 10 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

7.    Defendant understands that even if the Court ignores any sentencing recommendation, finds facts, or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

8.    Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

9.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____          7/28/2024
LAURA A. ALEXANDER                       Date
MARK A. WILLIAMS
Assistant United States Attorneys


_____          07/23/2024
MARK MENG                                Date
Defendant


_____          7/23/24
ANTHONY M. SOLIS                         Date
Attorney for Defendant MARK MENG

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____       07/23/2024
MARK MENG                              Date
Defendant


## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARK MENG's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set

20

1  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2  provisions, and of the consequences of entering into this agreement.

3  To my knowledge: no promises, inducements, or representations of any

4  kind have been made to my client other than those contained in this

5  agreement; no one has threatened or forced my client in any way to

6  enter into this agreement; my client's decision to enter into this

7  agreement is an informed and voluntary one; and the factual basis set

8  forth in this agreement is sufficient to support my client's entry of

9  guilty pleas pursuant to this agreement.

ANTHONY M. SOLIS                    7/23/24
Attorney for Defendant MARK MENG    Date